## IN THE UNITED STATES BANKRUPTCY COURT
## OF THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

**MARSHA D. RUFFINS, Plaintiff**

**CHAPTER 7**
**CASE NO 10-15143**

**vs.**

**TOWER LOAN OF MISSISSIPPI, INC. and**
**JAVORA STAPLES, Defendants**

**ADVERSARY PROCEEDING NO._____**

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and for cause of action against

Defendants, would show unto the court as follows, to wit:

### I.

### JURISDICTION

That this court has jurisdiction of this matter pursuant to 11 U.S.C. Section 1334.  This

adversary proceeding relates to the above-referenced Chapter 7 case. pending in this court, and

this is a core proceeding under 28 U.S.C. Section 157 (b) (2).

### II.

### THE PARTIES

1.      That the Plaintiff is an adult resident citizen of Washington County, Mississippi.

2.      The Defendant, Tower Loan of Mississippi, Inc., (hereafter "Tower Loan") is a

        Mississippi corporation, which may be served with process of this court upon its

        registered agent, John E. Tucker, at 406 Liberty Park Court, Flowood, MS 39232.

3.     That the Defendant, Javora Staples, is an adult resident of Washington County,

Mississippi, who may be served with process of this court at 705 East Third

Street, Leland, Mississippi, 38756.

### III.

### FACTS

A.     That on or about September 12, 2002, the Debtor purchased certain residential

property described as lots 5,6,7 and 8 of Block 1of the Re-subdivision of Feltus Fifth Addition to

the City of Leland in Washington County, Mississippi (Tract 1), by Quitclaim Deed filed of

record in Book 2268 at page 596 in the office of the Chancery Clerk of Washington County,

Mississippi. On February 17, 2005, the Debtor purchased another tract of residential real

property, described as the East forty-two (42) feet of Lot 10, all of lot 11, and the West eight (8)

feet of Lot 12, all of Block 2 of the Feltus Re-subdivision of Parts of Blocks 2 and 3 of the

Feltus Fourth Addition to the City of Leland in Washington County, Mississippi (Tract 2), by

Warranty Deed filed of record in Book 2397 at page 575 in the office of the Chancery Clerk of

Washington County, Mississippi. On July 1, 2007, the Debtor executed a Deed of Trust

encumbering the above-described property, in the original principal sum of $63,000.00, to First

Tower Loan Inc. d/b/a Tower Loan of Leland, which was filed of record in Book 2523 at page

7317 in the office of the Chancery Clerk of Washington County, Mississippi. On this same date,

the Debtor executed a second Deed of Trust in the original principal sum of $63,000.00, to First

Tower Loan Inc., filed of record in Book 2523 at page 7320, in the office of the Chancery Clerk

of Washington County, Mississippi.

B.     Following the purported default by the Debtor in the indebtedness secured by said

Deeds of Trust, Tower Loan substituted Mark K. McKay as trustee in each Deed of Trust, and

commenced foreclosure with regard to tract 1 by publishing Notice of Foreclosure on January 28,

2008. The foreclosure sale as to tract 1 was held on February 20, 2008, at which sale Tower

Loan bid in the sum of $26,184.64, which was the highest and best bid. As to tract 2, foreclosure

was commenced by publication of Notice of Foreclosure beginning on December 19, 2007. The

foreclosure sale was held on January 14, 2008, at which sale Tower Loan submitted the highest

and best bid in the sum of $19,922.57. Copies of the Substitute Trustee's Deed with regard to

each of these transactions are attached hereto as Exhibits "A" and "B" respectively.

C.      Following the foreclosure sales with regard to each of the properties referenced in

Paragraph A above, the Debtor communicated with certain agents and employees of Tower Loan,

and the Debtor entered into an agreement with Tower Loan to buy back the property described in

the Deeds of Trust and the substitute Trustee's Deeds attached hereto. Pursuant to this

agreement, Tower Loan agreed to "put the deed back" in the Debtor's name, in consideration for

an initial payment of $2,200.00 plus $500.00 in attorney fees. Copy of the receipt regarding this

transaction is attached hereto as Exhibit "C", reflecting a loan balance of $48,791.00. The

Debtor thereafter made regular and substantial payments against this indebtedness, including the

payments listed as follows: February 14, 2009 - $10,678.00 and February 01, 2010 - $5,000.00.

While the Debtor believes that she remitted other payments subsequent to January 12, 2008, she

does not have written proof of such payments, and Tower Loan has refused, after repeated

requests, to provide her with a copy of her loan history reflecting all such payments.

Nevertheless, the Debtor has copies of the checks and receipts reflecting payments in the total

sum of $17,794.00.

D.      That at some point early in September, 2010, the Debtor was notified by the

Defendant, Javora Staples, that he had purchased the real property described in Exhibits "A"

and" B" attached hereto.  The Debtor advised Staples that this was not possible, since she had not

executed any document that conveyed title to Staples and since she had received no notice from

Tower Loan that she was in default and Tower Loan had otherwise taken no action to dispossess

her of the subject real property.  However, Staples produced a copy of a Lease-Purchase

Agreement, which he had entered into with Tower Loan, reflecting an agreement to lease-

purchase the subject property for the sum of $25,452.00.  The Debtor thereafter received a Notice

to vacate the property and a Summons for eviction from the Justice Court of Washington County,

Mississippi, and on November 16, 2010, the Debtor filed a voluntary Chapter 7 petition in this

court.

## IV.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

That the Plaintiff and Defendant, Tower Loan, entered into an agreement whereby the

Plaintiff would purchase the subject real property from Tower Loan, by paying regular

installments against the Plaintiff's indebtedness to Tower Loan.  Said agreement is memorialized

by the receipts and checks attached hereto as Exhibits "C", "D" and "E".  Upon the initial

payment by the Plaintiff to Tower Loan, as set forth above, Tower Loan agreed that it would

transfer title to subject property to the Plaintiff, subject to the Plaintiff's indebtedness to Tower

Loan.  That Tower Loan breached the terms of this agreement, without any notice to the Plaintiff,

and entered into a lease-purchase agreement with a third party.  Tower Loan is, therefore, liable

to the Plaintiff for Breach of Contract.

## V.

## SECOND CAUSE OF ACTION

## WILLFUL BREACH OF CONTRACT / BAD FAITH

That Tower Loan willfully breached the terms of the agreement which it entered into with Plaintiff, as well as the covenant of good faith and fair dealing implied by law in every contract under Mississippi Law.  Tower Loan is, therefore, liable to the Plaintiff for willful or tortious breach of contract.

## VI.

## THIRD CAUSE OF ACTION

## FRAUD

That Tower Loan represented to the Plaintiff that it would re-convey to her the subject real property upon an initial payment of $2,700.00, subject to the indebtedness which she owed Tower Loan, which she would repay in regular installments.  That this representation was false and known to be false by agents and employees of Tower Loan at the time they made such representation.  The Plaintiff relied on these representations to her detriment and remitted payments to Tower Loan in the sum of at least $17,794.00, as reflected by the receipts and checks attached hereto.  These representations were false and induced the Plaintiff to make said payments, without any intention of conveying the subject real property to the Plaintiff at any point. The Plaintiff has suffered damages as a result of these false representations in the form of the payments remitted to Tower Loan and the loss of any equitable interest in subject real property.  Tower Loan is, therefore, liable to Plaintiff for fraud and/or misrepresentation.

## VII.

### FOURTH CAUSE OF ACTION

### SPECIFIC PERFORMANCE

That this Court should order Tower Loan to specifically perform the terms of the contract which it entered into with the Plaintiff with regard to her purchase of the subject real property, the Plaintiff having no adequate remedy at law. To whatever extent the documentation or evidence presented at trial may not set forth all details of the agreement, this court should construe the agreement and supply reasonable terms and conditions, in accordance with customary lending practices in transactions secured by real property.

## VIII.

### INJUNCTION

That pursuant to *Fed. Rule Civ. Proc. 65* and upon reasonable notice to Defendants, this court should enter a preliminary injunction, preliminarily enjoining the Defendants from undertaking any actions to evict or dispossess the Plaintiff of the subject real property. Upon the final hearing on this Complaint, this court should enter a permanent injunction, permanently enjoining either of the Defendants from undertaking any actions to evict or dispossess the Plaintiff from the subject real property, unless and until it is has complied with all the terms and conditions of the agreement to sale subject real property to the Plaintiff and has provided the Plaintiff with notice of default and the opportunity to cure any such default, as would costumarily be provided to a debtor in a lending transaction secured by real property.

## IX.

### PUNITIVE DAMAGES

That Tower Loan falsely represented to the Plaintiff that it agreed to reconvey to her the

subject real property and thereby induced the Plaintiff to remit the payments as referenced above. Said representations were false and known to be false at the time they were made. Tower Loan acted willfully, maliciously and/or was grossly negligent, in its dealings with the Plaintiff as lender and borrower respectively and in the manner in which it ultimately breached the terms of its agreement or supposed agreement to reconvey the subject real property to the Plaintiff and/or finance the Plaintiff's purchase of the subject real property. On information and belief, it is Plaintiff's further contention that agents, employees and representatives of Tower Loan colluded with third parties to sell the subject real property at an exceptionally low price and to ultimately reap a financial windfall from the sale of the subject real property. Therefore, Plaintiff should be entitled to an award of punitive damages and attorney fees against Tower Loan, upon a showing by clear and convincing evidence that Tower Loan acted maliciously or with gross negligence, evidencing a willful or callous disregard for the Plaintiff's contractual and proprietary rights, after complying with all pre-requisites to the imposition of punitive damages as may imposed by applicable state or federal law.

**WHEREFORE**, Premises Considered, the Plaintiff prays for the following relief:

1.    That she be awarded actual damages against Tower Loan in the sum of $50,000.00;

2.    That she be awarded punitive damages against Tower Loan in the sum of $200,000.00;

3.    That this court construe the terms of the agreement entered into between the Plaintiff and Tower Loan and enter an Order compelling Tower Loan to specifically perform the terms of the agreement;

4.      That this court enter a preliminary injunction, upon reasonable Notice to the Defendants, preliminarily enjoining the Defendants or either of them from taking any actions to evict or dispossess the Plaintiff of the subject real property; and that upon hearing on the merits in this cause, said preliminary injunction be made a permanent injunction;

5.      That the Plaintiff be awarded all costs and attorney fees occurred in connection with this matter until its conclusion; and

6.      Plaintiff prays that she be awarded such other, further and general relief as may be necessary and appropriate under the particular facts and circumstances of this matter as set forth above and as may be presented in trial.


**RESPECTFULLY SUBMITTED** on this, the 29th day of December, 2010.

/s/ Glenn H. Williams
**GLENN H. WILLIAMS, MSB #7236**
**Attorney for Debtor**
**201 North Pearman Avenue**
**Cleveland, MS 38372**
**Telephone (662) 843-3797**

2518 2027
Recorded in the Ab.
Deed Book & Page
04-16-2008 03:28:29 PM
Marilyn Hansell Chancery Clerk
Washington County

## SUBSTITUTED TRUSTEE'S DEED

WHEREAS, on July 31, 2007, Marsha Ruffins executed a Deed of Trust to John E. Tucker, Trustee for the benefit of First Tower Loan, Inc. d/b/a Tower Loan of Leland, as recorded in the office of the Chancery Clerk of Washington County, Mississippi, in Book 2523 at Page 7317, securing an indebtedness therein described and covering the property hereinafter described;

WHEREAS, said First Tower Loan, Inc. d/b/a Tower Loan of Leland, under the power granted to it in said Deed of Trust, by instrument of date January 2, 2008, duly spread upon the record and recorded in Book 2524 at Page 218 in the office of the Chancery Clerk aforesaid, did substitute the undersigned Marc K. McKay in the place and stead of the original Trustee and of any other Substituted Trustee;

WHEREAS, I did advertise the hereafter described property for sale in *The Delta Democrat-Times*, Greenville, Mississippi, on January 28, 2008, February 4, 2008, February 11, 2008 and February 18, 2008; and,

WHEREAS, default having been made in the terms and conditions of said Deed of Trust and the entire debt secured thereby having been declared to be due and payable in accordance with the terms of said Deed of Trust, and the legal holder of said indebtedness, First Tower Loan, Inc. d/b/a Tower Loan of Leland, having requested the undersigned Substituted Trustee to execute the trust and sell said land and property in accordance with the terms of said Deed of Trust for the purpose of raising the sums due thereunder, together with attorneys' fees, Substituted Trustee's fees and expenses of sale; and,

WHEREAS, the Substituted Trustee's Notice of Sale, in accordance with the hereinbefore mentioned Deed of Trust, provided that said property would be sold on February 20, 2008, between



EXHIBIT
"A"

2519   209
Deed Book & Page

the legal hours of 11:00 a.m. and 4:00 p.m., at the Washington County Courthouse at Greenville,

State of Mississippi; and,

WHEREAS, the undersigned Substituted Trustee, after posting and publication of Notice of

Sale as required by the terms of the Deed of Trust and the laws of the State of Mississippi within the

legal hours (being between the hours of 11:00 a.m. and 4:00 p.m.) on the 20th day of February, 2008,

at public outcry, offered the hereinafter described property for sale at the South Front Door of the

Washington County Courthouse at Greenville, Mississippi; and,

WHEREAS, everything necessary to be done was done to make and effect a good and lawful

sale; and,

WHEREAS, at such sale Tower Loan of Mississippi, Inc., Flowood, Mississippi, bid the sum

of $26,184.64; and,

WHEREAS, said bid by Tower Loan of Mississippi, Inc. was the highest and best bid; and,

WHEREAS, the within described property was there and then struck off to Tower Loan of

Mississippi, Inc. and Tower Loan of Mississippi, Inc. was declared the purchaser thereof; and,

NOW, THEREFORE, I, **MARC K. MCKAY,** Substituted Trustee, in consideration of the

full payment of the sum of $26,184.64, do hereby sell and convey to **TOWER LOAN OF**

**MISSISSIPPI, INC.** a Mississippi Business Corporation, the following described property located

and situated in Washington County, Mississippi, to-wit:

2518  209

Deed Book & Page

The East forty-two (42) feet of Lot 10, all of Lot 11, and the West eight (8) feet of Lot 12, all in Block 2 of the Feltus Resubdivision of parts of Blocks 2 and 3 of the Feltus Fourth Addition to the City of Leland, Washington County, Mississippi, as shown by a plat of said Resubdivision recorded in Plat Book 3 at Page 23 thereof of the land records of Washington County, Mississippi.

I convey only such title as is vested in me as Substituted Trustee.

WITNESS MY SIGNATURE, this the 9th day of April, 2008.

Marc K. McKay, Substituted Trustee

STATE OF MISSISSIPPI:

COUNTY OF MADISON:

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority, in and for the aforesaid county and state, on this the 9th day of April, 2008, within my jurisdiction, the within named Marc K. McKay, Substituted Trustee, who acknowledged to me that he executed the above and foregoing Substituted Trustee's Deed on the year and date therein mentioned.

GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE.

NOTARY PUBLIC

MY COMMISSION EXPIRES

2-3-12

GRANTOR'S ADDRESS:

Marc K. McKay, Substituted Trustee
Post Office Box 2488
Ridgeland, Mississippi 39158-2488
(601) 572-8778

GRANTEE'S ADDRESS:

Tower Loan of Mississippi, Inc.
P. O. Box 320001
Flowood, MS 39232
601-992-5176

2510   2100
Deed  Book & Page

Prepared by:

Marc K. McKay
MCKAY SIMPSON LAWLER FRANKLIN
& FOREMAN, PLLC
Attorney at Law
Post Office Box 2488
Ridgeland. Mississippi 39158-2488
(601) 572-8778

*INDEXING INSTRUCTIONS: Lot 10, Lot 11, and Lot 12, Block 2 Feltus Resubdivision of parts of Blocks 2 and 3 of the Feltus Fourth Addition to the City of Leland, Washington County, Mississippi*

2510   216
Deed Book & Page

## [TH]E STATE OF MISSISSIPPI

### County of Washington, City of Greenville

[Before] me, Sarah Lauren Moose _____, a Notary Public in and for

[said County] Cathy Bramuchi _____, who makes oath that she

[is ... prin]ted and published in the City of Greenville, Washington County, Mississippi, called

## The Delta Democrat-Times

[dep]oses and says that the publication of a notice, a true copy of which is hereto affixed,

for ____4____ weeks consecutively, to-wit:

In Volume 139 Number 128 Dated January 28, 20 08

In Volume 189 Number 134 Dated February 4, 20 08

In Volume 139 Number 140 Dated February 11, 20 08

In Volume 139 Number 146 Dated February 18, 20 08

In Volume ____ Number ____ Dated ____

In Volume ____ Number ____ Dated ____

[and exhibits the] several numbers of said newspaper containing the above notice have been produced

[and compared wi]th the copy annexed and that I find the publication thereof to have been correctly

[made.]

Cathy Bramuchi

[Sworn to and subscribed before me] this 14 day of February 2008

Sarah Lauren Moose
Notary Public.

NOTARY PUBLIC STATE OF MISSISSIPPI
MY COMMISSION EXPIRES: Jan 23, 2011
BONDED THRU NOTARY PUBLIC UNDERWRITERS

WHEREAS, [said First] Tower Loan, Inc. d/b/a Tower Loan of Leland, Inc. and/or Tower Loan, Inc. d/b/a Tower Loan of Leland, and recorded in the office of the Chancery Clerk of Washington County, Mississippi, in Deed Book at Page ____, securing an indebtedness therein described and covering the property hereinafter described.

WHEREAS, said First Tower Loan, Inc. d/b/a Tower Loan of Leland, under the power granted in it in said Deed of Trust, by instrument of date January 2, 2008, duly entered upon the records and recorded in Book 2504 at Page 219 in the office of the Chancery Clerk aforesaid, did substitute the undersigned Marc K. McKay in the place and stead of the original Trustee, or any of any other Substituted Trustee.

WHEREAS, default having been made in the payment of the above mentioned indebtedness as it fell due, and payment having been requested by First Tower Loan, Inc. d/b/a Tower Loan of Leland, the beneficiary of the indebtedness secured by and described in the above mentioned Deed of Trust.

NOW, THEREFORE, I, the undersigned Marc K. McKay being the Substituted Trustee, at the request of First Tower Loan, Inc. d/b/a Tower Loan of Leland, will on the 21st day of February 2008 within legal hours (between 11:00 o'clock a.m. and 4:00 o'clock p.m., being legal hours of sale, I will proceed to sell at public outcry, to the highest bidder for cash, at the South Front Door of the Washington County Courthouse in Greenville, State of Mississippi, the following real property described and conveyed in said Deed of Trust, lying and being situated in Washington County, Mississippi and being more particularly described as follows, to-wit:

The East forty-two (42) feet of Lot 10, all of Lot 11, and the West eight (8) feet of Lot 12, all in Block 2 of the Fellus Resubdivision of parts of Blocks 2 and 3 of the Fellus Fourth Addition to the City of Leland, Washington County, Mississippi, as shown by a plat of said Resubdivision recorded in Plat Book 3 at Page 23 thereof of the land records of Washington County, Mississippi.

I will convey only such title as is vested in me as Substituted Trustee.

WITNESS MY SIGNATURE, this the 21st day of January, 2008.

/s/ MARC K. McKAY
SUBSTITUTED TRUSTEE

McKAY SIMPSON LAWLER FRANKLIN & FOREMAN, PLLC.
Attorneys at Law
Post Office Box 2488
Ridgeland, Mississippi 39158-2488
(601) 572-8778

POSTED THIS January 22, 2008

PUBLISHED: January 28, 2008, February ____

2510   2102
Deed  Book & Page



The undersigned hereby
certify this instrument was filed on

2510 at Pages 2097 - 2102
Marilyn Hansell Chancery Clerk

L. Gear



### SUBSTITUTED TRUSTEE'S DEED

2510    539
Recorded in the Above
Deed Book & Page
01-28-2008 09:09:17 AM
Ison, as recorded in the office
Washington County

WHEREAS, on July 31, 2007, Marsha Ruffins a/k/a Marsha Ruffin Ison Hansel Chancery Clerk

of the Chancery Clerk of Washington County, Mississippi, in Book 2523 at Page 7320, executed a

Deed of Trust to John E. Tucker, Trustee for the benefit of First Tower Loan, Inc. d/b/a Tower Loan

of Leland, securing an indebtedness therein described and covering the property hereinafter

described;

WHEREAS, said First Tower Loan, Inc. d/b/a Tower Loan of Leland, under the power

granted to it in said Deed of Trust, by instrument of date November 14, 2007, duly spread upon the

record and recorded in Book 2523 at Page 12533, in the office of the Chancery Clerk aforesaid, did

substitute the undersigned Marc K. McKay in the place and stead of the original Trustee and of any

other Substituted Trustee;

WHEREAS, I did advertise the hereafter described property for sale in *The Delta Democrat*

*Times*, Greenville, Mississippi, on December 19, 2007, December 26, 2007, January 2, 2008, and

January 9, 2008; and,

WHEREAS, default having been made in the terms and conditions of said Deed of Trust and

the entire debt secured thereby having been declared to be due and payable in accordance with the

terms of said Deed of Trust, and the legal holder of said indebtedness, First Tower Loan, Inc. d/b/a

Tower Loan of Leland, having requested the undersigned Substituted Trustee to execute the trust and

sell said land and property in accordance with the terms of said Deed of Trust for the purpose of

raising the sums due thereunder, together with attorneys' fees, Substituted Trustee's fees and

expenses of sale; and,

WHEREAS, the Substituted Trustee's Notice of Sale, in accordance with the hereinbefore

mentioned Deed of Trust, provided that said property would be sold between the legal hours of



EXHIBIT
"B"

2510   540
Deed Book & Page

11:00 a.m. and 4:00 p.m., at the Washington County Courthouse at Greenville, State of Mississippi; and,

WHEREAS, the undersigned Substituted Trustee, after posting and publication of Notice of Sale as required by the terms of the Deed of Trust and the laws of the State of Mississippi within the legal hours (being between the hours of 11:00 a.m. and 4:00 p.m.) on the 14th day of January, 2008, at public outcry, offered the hereinafter described property for sale at the South Front Door of the Washington County Courthouse at Greenville, Mississippi; and,

WHEREAS, everything necessary to be done was done to make and effect a good and lawful sale; and,

WHEREAS, at such sale First Tower Loan, Inc. d/b/a Tower Loan of Leland, Flowood, Mississippi bid the sum of $19,922.57; and,

WHEREAS, said bid by First Tower Loan, Inc. d/b/a Tower Loan of Leland was the highest and best bid; and,

WHEREAS, the within described property was there and then struck off to First Tower Loan, Inc. d/b/a Tower Loan of Leland and First Tower Loan, Inc. d/b/a Tower Loan of Leland was declared the purchaser thereof; and,

NOW, THEREFORE, I, Marc K. McKay, Substituted Trustee, in consideration of the full payment of the sum of $19,922.57 do hereby sell and convey to First Tower Loan, Inc. d/b/a Tower Loan of Leland, a Mississippi Corporation, the following described property located and situated in Washington County, Mississippi, to-wit:

Lots 5, 6, 7 and 8 of Block 1 of the re-subdivision of Feltus Fifth Addition to the City of Leland, Washington County, Mississippi. The parcel number is 30415200000.

I convey only such title as is vested in me as Substituted Trustee.

2510   541
WITNESS MY SIGNATURE, this the 24th day of January, 2008. Deed Book & Page

_____
Marc K. McKay, Substituted Trustee

STATE OF MISSISSIPPI:

COUNTY OF MADISON:

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority, in and for the aforesaid county and state, on this the **24th** day of January, 2008, within my jurisdiction, the within named Marc K. McKay, Substituted Trustee, who acknowledged to me that he executed the above and foregoing Substituted Trustee's Deed on the year and date therein mentioned.

... UNDER MY HAND AND OFFICIAL SEAL OF OFFICE.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

9-10-2010

GRANTOR'S ADDRESS:

Marc K. McKay, Substituted Trustee
Post Office Box 2488
Ridgeland, Mississippi 39158-2488
(601) 572-8778

GRANTEE'S ADDRESS:

First Tower Loan, Inc. d/b/a Tower Loan of Leland
Post Office Box 320001
Flowood, Mississippi 39232-0001
(601) 992-0936

Prepared by:

Marc K. McKay
MCKAY SIMPSON
LAWLER FRANKLIN & FOREMAN, PLLC
Attorney at Law
Post Office Box 2488
Ridgeland, Mississippi 39158-2488
(601) 572 8778

*INDEXING INSTRUCTIONS:* Lots 5, 6, 7, and 8, Block 1, Re-Subdivision of Feltus Fifth Addition to the City of Leland, Washington County, Mississippi

Washington County, Mississippi, in Book
2523 at Page 7390, executed a Deed of
Trust to John K. Tucker, Trustee for the
benefit of First Tower Loan, Inc. d/b/a
Tower Loan of Leland, securing an in-
debtedness therein described and cover-
ing the property hereinafter described;

WHEREAS, said First Tower Loan, Inc.
d/b/a Tower Loan of Leland, under the
power granted to it in said Deed of Trust,
by instrument of date  November 14,
2007, duly spread upon the record and
recorded in Book 2523 at Page 12533, in
the office of the Chancery Clerk afore-
said, did substitute the undersigned Marc
K. McKay in the place and stead of the
original Trustee and of any other Substi-
tuted Trustee;

WHEREAS, default having been made
in the terms and conditions of said Deed
of Trust and the indebtedness secured
thereby having been and the above men-
tioned Deed of Trust is in full due, and
said debt being secured by First
Tower Loan, Inc. d/b/a Tower Loan of
Leland, the legal holder of the indebted-
ness secured by and described in the
above mentioned Deed of Trust;

WHEREAS, the undersigned was called
upon to execute the Trust therein con-
tained, the owner of the indebtedness
secured by said Deed of Trust having de-
clared it due and payable, and to sell
said property under the provisions of said
Deed of Trust for the purpose of raising
said sum so secured and unpaid, togeth-
er with the expenses of selling same, in-
cluding Trustee's and attorneys fees;

NOW THEREFORE, I, the undersigned
Substituted Trustee, pursuant to the
Trust, do hereby give notice that on
January 14, 2008, between 11:00 o'clock
a.m. and 4:00 o'clock p.m., being legal
hours of sale, I will proceed to sell at
public outcry, to the highest bidder for
cash, at the South Front Door of the
Washington County Courthouse in
Greenville, State of Mississippi, the fol-
lowing real property described and con-
veyed in said Deed of Trust, lying and
being situated in Washington County,
Mississippi and being more particularly
described as follows, to-wit:

Lots 5, 6, 7 and 8 of Block 1 of the re-
subdivision of Felton Fifth Addition to the
City of Leland, Washington County, Mis-
sissippi. The parcel number is
30415200000.

I will convey only such title as is vested
in me as Substituted Trustee.

WITNESS my SIGNATURE, this the
13th day of December, 2007.

/s/ Marc K. McKay
MARC K. McKAY
SUBSTITUTED TRUSTEE

McKAY SIMPSON LAWLER FRANKLIN
& FOREMAN, PLLC
Attorneys at Law
Post Office Box 2488
Ridgeland, Mississippi 39158-2488
(601) 572-8778

POSTED THIS December 14, 2007

PUBLISHED: December 19, 2007,
December 26, 2007, January 2, 2008,
and January 9, 2008

---

# THE STATE OF MISSISSIPPI

542

Deed Book & Page

### County of Washington, City of Greenville

before me, _Sarah Lauren Moose_ _____, a Notary Public in and for

_y, LeLane Ray_ _____, who makes oath that she

_____ per printed and published in the City of Greenville, Washington County, Mississippi, called

## The Delta Democrat-Times

_____ orn, deposes and says that the publication of a notice, a true copy of which is hereto affixed,

_____ id paper _____ **4** _____ weeks consecutively, to-wit:

In Volume **139** Number **94** Dated **December 19**, 20 **07**

In Volume **139** Number **100** Dated **December 26**, 20 **07**

In Volume **139** Number **106** Dated **January 2**, 20 **08**

In Volume **139** Number **112** Dated **January 2**, 20 **08**

In Volume _____ Number _____ Dated _____

In Volume _____ Number _____ Dated _____

that the several numbers of said newspaper containing the above notice have been produced

_____ pared with the copy annexed and that I find the publication thereof to have been correct.

_LeLane Ray_

_____ nd seal this ___ **9** ___ day of ___ **January** ___, ___ **2008**

_Sarah Lauren Moose_

NOTARY PUBLIC, STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Jan 23, 2011
BONDED THROUGH _____

Notary Public.

2510    543
Deed  Book & Page



Washington County
I certify this instrument was filed on
01-28-2008 09:09:17 AM
and recorded in Deed Book
2510 at pages 539 - 543
Marilyn Hansell Chancery Clerk

F Matthews

McKay Simpson Lawler Franklin & Foreman, PLLC
P.O. Box 2488
Ridgeland, MS 39158-2488

```
TOWER LOAN OF LELAND              RECEIPT FOR PAYMENT          12/12/08  18:04
(662)686-9724

056823    MARSHA D RUFFINS
          705 E 3RD ST
          LELAND, MS 38756

    DATE PAID   TOTAL PAID   LATE CHG   PRINCIPAL   PAID SYS     BALANCE

    12/12/08     2200.00      84.00     2116.00      CAC        48791.00

         Dear Customer:
         You can obtain an additional $  9083.62 from us, if you need it.
         Just ask the manager.

Thank you for helping us raise over $71,000 to find a Cure

for Diabetes!
```

*Legal Fee.*

DATE_____

## Downtime Counter Receipt — TOWER LOAN, RELIABLE FINANCE

| Account No. | Last Name | Total Paid | Paid Principal | Paid to Late Charge | Principal Balance |
|---|---|---|---|---|---|
|  | Ruffins | $500 | 500 |  |  |

### This receipt is subject to audit.

*We value you and your business and want you to know that additional cash may be available to you, subject to our usual credit policies. Let us know how much!*



EXHIBIT

"C"

# Pacific Capital Bancorp

| | |
|---|---|
| Current Date: | September 29, 2010 |
| Account Number: | 1580885 |
| Capture Date: | March 10, 2009 |
| Item Number: | 5250011127633 |
| Posted Date: | March 10, 2009 |
| Amount: | 10,678.00 |
| Record Type: | Debit |
| Run Number: | 2504 |
| Batch Number: | 250251 |

T0 marsha



EXHIBIT "D"





| | |
|---|---|
| Posting Date | Feb 03 2010 |
| DB/CR | D |
| Amount | $5,000.00 |
| Item Bank | 1 |
| Account | 79769330 |
| Check No | 1122 |
| Sequence No | 5000036857 |



EXHIBIT
"E"